UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DESHAUN LAMONTE HOSKINS,

    Plaintiff,

    v.                          CAUSE NO. 3:22-CV-396-RLM-MGG

GAGE GENTNER, et al.,

    Defendants.

OPINION AND ORDER

DeShaun Lamonte Hoskins, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Hoskins alleges that Deputy Gage Genter assaulted him on April 8, 2022, while he was incarcerated at the St. Joseph County Jail.[1] He claims he didn't receive his lunch tray that day because his cell door remained locked while lunch was being served. He told the officers on duty of the issue, but Deputy Genter refused to radio

---

[1] Mr. Hoskins has since been transferred to the Coweta County Jail in Atlanta, Georgia. ECF 6.

the tower to have the door opened. Deputy Timothy Bessinger said Mr. Hoskins wouldn't be receiving his noon meal. After lunch was over and the trays had been collected, Mr. Hoskins again asked for his meal, but he was told no. At that point, Deputy Genter "proceeded to move in an aggressive manner" towards Mr. Hoskins and "got face to face" with him, so Mr. Hoskins tried to turn and walk away. ECF 1 at 2. Mr. Hoskins claims Deputy Genter then "struck me repeatedly in my upper body and shoved me back into J5 pod." *Id.* at 3. Mr. Hoskins has sued Deputy Genter and Deputy Bessinger for monetary damages.

Because Mr. Hoskins alleges he was a pretrial detainee when these events occurred, his claims must be analyzed under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." Tucker v. Randall, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." Miranda v. Lake County, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" Mays v. Emanuele, 853 F. App'x 25, 27 (7th Cir. 2021) (citing Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)). In determining whether a challenged action is objectively unreasonable, courts must

2

consider the "totality of facts and circumstances." Mays v. Dart, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. Miranda v. Lake County, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege "the force purposefully or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" Husnik v. Engles, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting Bell v. Wolfish, 441 U.S. at 537).

Mr. Hoskins alleges Deputy Genter struck him in his upper body while his back was turned and shoved him into his cell. He provides no details to suggest he was injured during the incident, nor does he elaborate on the type or amount of force used other than to say he was struck and shoved.[2] Without more, it can't be plausibly inferred the use of force was objectively unreasonable. *See e.g.* Graham v. Connor,

---

[2] For example, he doesn't explain whether the strikes were delivered with an open hand or closed fist or with some type of tool/weapon. Similarly, he doesn't elaborate on the strength of the force or what he felt when he was struck.

3

490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (internal quotation marks and citation omitted); Wilson v. Hartman, No. 21-2308, 2022 WL 1062053, at *1 (C.D. Ill. Apr. 8, 2022) ("*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim."); *see also* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original).

Mr. Hoskins also sued Deputy Bessinger. The only allegation against Deputy Bessinger is that he told Mr. Hoskins he wouldn't get his lunch on August 8, 2022. The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," including adequate nutrition. *See* Hardeman v. Curran, 933 F.3d 816, 820 (7th Cir. 2019) (citations omitted); Smith v. Dart, 803 F.3d 304, 310 (7th Cir. 2015). But missing a single meal didn't deny Mr. Hoskins the minimal civilized measure of life's necessities.[3] *See e.g.* Ingraham v. Wright, 430 U.S. 651, 674 (1977) ("There is, of course a de minimus level of imposition with which the Constitution is

---

[3] Mr. Hoskins hasn't suggested he had any sort of negative consequences (medical or otherwise) as a result of the single missed meal, nor has he plausibly alleged he was deprived of it as a form of a punishment.

not concerned."). Mr. Hoskins hasn't stated a claim on which relief can be granted against Deputy Bessinger.

This complaint doesn't state a claim for which relief can be granted. If Mr. Hoskins believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS DeShaun Lamonte Hoskins until **<u>January 16, 2023</u>**, to file an amended complaint as described above; and

(2) CAUTIONS Mr. Hoskins if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 13, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT